Filed 7/21/16  P. v. McGoldrick CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

|  |  |
|---|---|
| THE PEOPLE, | C075869 |
| Plaintiff and Respondent, | (Super. Ct. No. CR030444) |
| v. | |
| JUSTIN KYLE McGOLDRICK, | |
| Defendant and Appellant. | |

Defendant Justin Kyle McGoldrick pleaded guilty to causing a fire that burned an inhabited structure (Pen. Code, § 452, subd. (b); count I)[1] and contracting without a license (Bus. & Prof. Code, § 7028; count IV).  In exchange, four related counts were dismissed with a *Harvey* waiver.[2]  Though neither was charged as such, defendant had two prior felony convictions, sexual battery and burglary.

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

[2]    *People v. Harvey* (1979) 25 Cal.3d 754.

1

They were charged incidentally with two of the dismissed counts. Defendant was sentenced to prison for the middle term of three years and to jail for a concurrent term of six months. He obtained a certificate of probable cause.

On appeal, defendant contends the trial court abused its discretion when it denied his request for probation without holding a hearing at which the probation officer could clarify her report and explain her recommendation that probation be granted. We affirm.

FACTS[3]

A Susanville Fire Department battalion chief advised a detective with the Susanville Police Department that several fires had been caused by wood stoves improperly installed by defendant who previously had been warned that his installation of wood stoves was improper and required a license he did not hold. The most recent fire had occurred on March 6, 2012, while Jennifer Stephenson and her family were home in bed. The fire, centered around the wood stove's chimney, had consumed a portion of the exterior wall thus exposing the interior of the home. The cause of the fire was a " 'single wall flue pipe penetrating into a framed wall with insufficient clearance to structural members.' " Defendant had installed the stove in November 2011.

A building inspector reported that defendant had been " 'verbally warned on numerous occasions to stop representing himself as a licensed contractor. [Defendant] has been informed and warned on numerous occasions that the installation of a wood stove without first securing a permit is illegal and it is also illegal to install woodstoves without proper certification' " of the installer.

One of defendant's customers told the detective that defendant had installed two wood stoves and that one had never worked properly. A building inspector "red tagged" the stove, which ultimately was replaced by a different vendor.

---

[3] Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

2

It appeared to the detective that defendant had been made aware of problems with his installations, he had been counseled regarding his need for proper licensure when installing wood stoves, and he was not obtaining city or county permits when installing wood stoves. The detective obtained a search warrant evidently for defendant's residence and seized two firearms.

Defendant told the detective that the California Contractors State License Board had advised him that he was not required to have a license if his labor fees were less than $500. But after being in business for two years, defendant was told that the $500 included the cost of the stove and flue pipe as well as his labor. Defendant claimed he first learned of the necessity for a building permit when an inspector advised him of that requirement.

The probation department attempted to contact approximately 90 potential victims and received an unstated number of responses. Victim restitution totaled $3,052.75 and fire suppression costs totaled $5,274.24.

Defendant told the probation department that he did not do sufficient research when he opened his business and that he wanted to send a contractor to check his installations.

At sentencing, defendant told the trial court that, when he was told he had to have a contractor's license, he stopped doing installations personally and hired a contractor to do all his installations. Eventually, defendant closed his business because he was ashamed of what had happened to the Stephenson family.

DISCUSSION

Defendant contends the trial court abused its discretion when it denied his request for probation without holding a hearing at which the probation officer could explain her recommendation that probation be granted and otherwise clarify her report. He argues resentencing is necessary where the probation report raised questions needing explanation

3

and there are indications that the court's decision to deny probation was impulsive, unreasonable, and swayed by emotional considerations.  Neither point has merit.

### 1. *Standard of Review*

"[P]robation is 'an act of leniency, not a matter of right.'  [Citation.]  The decision to grant or deny probation requires consideration of all the facts and circumstances of the case.  [Citation.]" (*People v. Birmingham* (1990) 217 Cal.App.3d 180, 185-186.)  In reaching its decision, the trial court should consider whether confinement is necessary to protect the public from the defendant, whether the defendant can best be rehabilitated through imprisonment or normal community contact, and whether probation would unduly depreciate the seriousness of the offense. (*People* v. *Axtell* (1981) 118 Cal.App.3d 246, 255; see *People* v. *Bolton* (1979) 23 Cal.3d 208, 217.)  Absent a clear showing the decision to deny probation is arbitrary or irrational, it is presumed the trial court acted to achieve legitimate sentencing objectives. (*People v. Birmingham, supra*, *at p.* 186; see *People* v. *Giminez* (1975) 14 Cal.3d 68, 72.)

### 2. *The Two Prior Felonies Limitation*

Section 1203, subdivision (e), provides in relevant part:  "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons  [¶]  . . . [¶] (4) Any person who has been previously convicted twice in this state of a felony . . . ."

This statute is implemented by California Rules of Court, rule 4.413(c),[4] which states in relevant part:

"**(c)  Facts showing unusual case** The following facts may indicate the existence of an unusual case in which probation may be granted if otherwise appropriate:

---

[4]	References to "rules" are to the California Rules of Court.

"**(1) Facts relating to basis for limitation on probation** A fact or circumstance indicating that the basis for the statutory limitation on probation, although technically present, is not fully applicable to the case, including:

"**(A)** The fact or circumstance giving rise to the limitation on probation is, in this case, substantially less serious than the circumstances typically present in other cases involving the same probation limitation, and the defendant has no recent record of committing similar crimes or crimes of violence; and

"**(B)** The current offense is less serious than a prior felony conviction that is the cause of the limitation on probation, and the defendant has been free from incarceration and serious violation of the law for a substantial time before the current offense.

"**(2) Facts limiting defendant's culpability** A fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense, including:

"**(A)** The defendant participated in the crime under circumstances of great provocation, coercion, or duress not amounting to a defense, and the defendant has no recent record of committing crimes of violence;

"**(B)** The crime was committed because of a mental condition not amounting to a defense, and there is a high likelihood that the defendant would respond favorably to mental health care and treatment that would be required as a condition of probation; and

"**(C)** The defendant is youthful or aged, and has no significant record of prior criminal offenses."

Although rule 4.413 "is not on its face exclusive in its list of circumstances which may take a defendant out of presumptive ineligibility for probation," the "language of the rule is not to be read expansively." (*People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1226 (*Dorsey*).)

5

## 3. *Probation Report*

The parties agreed to a sentence lid of four years and that the terms on counts I and IV would run concurrent. Defendant acknowledged that, except for those items, no promises had been made in order to obtain his plea.

The probation report stated in relevant part:

### "PROBATION ELIGIBILITY (Rule 4.413)

"Defendant is statutorily ineligible for probation pursuant to [section 1203, subdivision (e)(4)], as defendant has sustained two prior felony convictions.
"Facts relating to basis for limitation on probation:

"Rule 4.413(c)(1)(A): The circumstances giving rise to the limitation on probation are, in this case, *no more serious than* circumstances typically present in other cases involving the same probation limitation.

"Rule 4.413(c)(1)(B): The current offense is *not more serious than* a prior felony convictions [*sic*] of sexual battery. The current offense *is more serious than* a prior felony conviction of first degree burglary. Defendant has remained free from incarceration for a substantial time before the current offense.
"Facts limiting defendant's culpability:

"Rule 4.413(c)(2)(A): It does not appear defendant committed the crime due to circumstances of great provocation, coercion, or duress.

"Rule 4.413(c)(2)(B): The crime was not committed because of a mental condition not amounting to a defense.

"Rule 4.413(c)(2)(C): Defendant is thirty three years of age, therefore, he is neither youthful nor aged. Defendant has a record of two prior felony criminal offenses." (Italics added.)

### "CRITERIA AFFECTING PROBATION (Rule 4.414)

"A grant of probation will be recommended in this case."

Under "Opinions and Conclusions," the probation officer reiterated that "[d]efendant is statutorily ineligible for a grant of probation having prior felony convictions" and that he "must understand *if granted a term of probation in this matter it is a gift* and failure to follow probation terms will result in a state prison sentence." (Italics added.) The probation officer noted that, although this was "not defendant's first felony conviction," he "is thirty three years old, it has been a significant amount of time since his last conviction, and it appears defendant is employable and can be a productive member of the community." The probation officer recommended that imposition of sentence be suspended and that defendant be placed on probation for three years.

### 4. *Parties' Arguments and Court Ruling*

At sentencing, the prosecutor remarked: "Well, I guess I have a question, and I don't know if I'm to address that to you or probation. There's no one from probation here. The probation department, I believe, correctly points out the probation limiter pursuant to [section 1203, subdivision (e)] which says because of multiple felony convictions in the defendant's past – well, they say he is eligible for a grant of probation. I don't think that to be the law. I think the law is probation may not be granted unless it's an unusual case. Then they go on to recommend probation, but don't say why necessarily, they don't express why this is an unusual case, and so I'm unclear on that. I mean, it's apparent here to me that they've recommended probation. I think a lot of effort went in to this probation report from both sides. That is to say, I think they did a good job of documenting that [defendant] has considerable support here by what I might view as some good people and that was correctly documented. Likewise, there are some victims out there where there's correspondence in this file, so I guess we have both sides of it. [¶] I found the most potent attachment to this report being the letter from the [Stephensons], the folks whose home caught fire, and so I don't know how we get to the probation recommendation because I don't understand the report in that respect, but it does appear that there could be arguments both ways."

7

The trial court responded in relevant part: "What's the People's position? I understand probation's report, I read it. I had similar questions. It seemed to not make a lot of sense to give all of these reasons why [defendant] was not eligible for probation and then gave him probation."

The prosecutor acknowledged that defendant "did not intend" for the victims' home to catch fire but noted that, when used for their intended purpose, wood stoves have fires started within them and "it's possible that fires can occur at the homes in which they're installed." Proper installation would minimize that risk but defendant's work had not been proper. The prosecutor then remarked, "I can't imagine, Judge, a scenario where I'm at home and I'm awakened in the middle of the night either by a smoke alarm or a loved one trying to get me up to get out of the house and make sure I collect everybody else in the house at the same time. The prospect of that is frightening to me, quite frankly, and I think that's probably the biggest issue in the case as I see it."

Following the prosecutor's argument, defense counsel stated in relevant part: "Your Honor, counsel for the People has stated much of what I was going to go into. I would just point out that number one, this isn't the arson that we typically, this isn't the arson where one intentionally sets a residence or building on fire nor the arson one starts by throwing a match or cigarette out the window, this is what I call, I don't mean to make fun, it's arson by violation of building code. It's still a crime and [defendant] did plead. [¶] At the same time, he is employed, he has, as counsel points out, he has employment. The [section 290 registration order] as stated in my sentencing statement was way back, it was, I think, like two years difference between him and the other party. Since then he's done well and I believe he will continue to do well. [¶] Bottom line, I understand that there's a difficulty with regards to probation, but I think this is a case for probation and *if we need to send it back for clarification*, I don't mind coming back another time, Judge." (Italics added.)

8

The trial court responded: "The Court is prepared to sentence today. I really don't see what probation is going to state further. I don't see the reason to send it back to them."

The trial court acknowledged the defense argument that the case was not a typical arson but said the argument would have been stronger had defendant not been advised that he was not qualified to install the stoves and been instructed to stop doing so. Defendant continued to install the stoves "to the point that this family is woken up in the middle of the night because their house is on fire. That is frightening. That's very scary. I don't think [defendant] would like to wake up in the middle of the night with his house on fire because he let somebody in his place to install something when that person knew they shouldn't have done that."

The trial court then considered defendant's 1998 first degree burglary and his 2002 parole violation. The record does not reveal the nature of the violation, and the trial court did not speculate about the violation other than to say that defendant "didn't get it right."

Noting that the prior burglary had shown a lack of respect for the victim's home, the court found that defendant's present conduct "now shows the exact same thing, he doesn't have respect for what he does in somebody's home." "I consider his conduct wanton and willful. It's very troubling that someone would continue to do that after he was told to stop. It's one thing to say I didn't know and nobody told me, but it's an entirely different story to continue doing it after you're told to stop it. It's not just a matter of not having a license, it's a matter of not caring."

The trial court imposed the prison and jail sentences without further addressing the probation report or defendant's request for probation.

### 5. *Forfeiture*

The People contend defendant forfeited any claim of error with respect to the probation report because he "failed to raise this objection at the time he was sentenced,

9

and failed to make any objection to the court's decision to deny probation due to the absence of unusual circumstances." We disagree.

Because the report had recommended a grant of probation, it was the prosecutor, not defense counsel, who was aggrieved at the outset and who duly noted the report's deficiencies and the absence of a probation representative from the hearing. The trial court acknowledged the prosecutor's remarks, stated it had entertained "similar questions," and agreed that the recommendation of a grant of probation "seemed to not make a lot of sense." When his turn came, defense counsel remarked that the prosecutor had "stated much of what I was going to go into," evidently including the confused nature of the probation report. Defense counsel concluded, "[T]his is a case for probation and if we need to send it back for clarification, I don't mind coming back another time, Judge." The court's response to both suggestions for clarification was "I really don't see what probation is going to state further. I don't see the reason to send it back to them." Because the court had been aware from its own examination and from the arguments of both counsels that the report was deficient, and it nevertheless indicated that further input from probation was not necessary, further objection on the issue of unusual circumstances would have been futile. Under these circumstances, we decline to find forfeiture and will consider the merits of defendant's arguments.

### 6. *Analysis of Probation Report*

Defendant claims the probation report was deficient or misleading in that its evaluation of his "probation eligibility" failed to point out that probation is available in unusual cases. The omission may have been intentional because the report discusses all five unusual case factors and does not find that any of them apply.

Under rule 4.413(c)(1)(A), the report said the *circumstances giving rise to the limitation on probation* (i.e., the 1998 first degree burglary and sexual battery) were, in this case, "*no more serious*" than the circumstances typically present in cases involving

10

the same probation limitation.[5]  (Italics added.)  Terming the circumstances "no more serious" begged the rule's question whether they were *substantially less serious*.  The inartful phrasing is manifestly harmless because nothing in the record suggested that the circumstances of the prior burglary and sexual battery had been substantially less serious than is typically the case.  Defense counsel suggested that the victim of the sexual battery had been just two years younger than defendant.  But the oral argument has no value as evidence.  (*Dorsey, supra*, 50 Cal.App.4th at p. 1222.)  Even if it did, the age difference alone would not mean that the sexual battery was substantially less serious than the typical case.

Under rule 4.413 (c)(1)(B), the report said the current offense is "not more serious" than the prior sexual battery and "is more serious than" the first degree burglary. Terming the present offense "not more serious than" the sexual battery begged the rule's question whether the present offense was "less serious than" that prior offense.  The inartful phrasing is harmless because nothing in the record suggests that the present offense, in which sleeping victims could have been seriously injured or killed, was less serious than the sexual battery.

Defendant appears to dispute the report's other conclusion, that the present offense "is more serious than" the first degree burglary.  But the report did not state that the burglary conviction had been accompanied by any firearm or other weapon enhancement. The obvious inference is that the present offense with an active fire, sleeping victims, and the risk of severe injury or death, was more serious than a burglary with no firearm or weapon enhancement.

---

[5]     Defendant misreads this factor as relating to the present offense rather than the two or more prior offenses that give rise to the limitation.  His argument that "these circumstances were not more serious than those arising in a typical case [of arson, presumably] involving this probation limit" misapplies the rule.

Because this rule is phrased in the conjunctive, the fact defendant had been free from incarceration and serious violation of the law for a substantial time before the current offense does not mean that this case is unusual.

Under rule 4.413(c)(2)(A), the report said it did not appear that defendant committed the crime due to circumstances of great provocation, coercion, or duress. Under rule 4.413(c)(2)(B), the report said the crime was not committed because of a mental condition not amounting to a defense. And under rule 4.413(c)(2)(C), the report said that defendant is neither youthful nor aged. Defendant does not dispute any of these conclusions.

Thus, this case did not involve any of the rule's facts or circumstances that could indicate an unusual case. Nothing in the record suggests that the probation officer could have highlighted other facts in her report that made the case sufficiently unusual. We decline defendant's invitation to speculate that she could have revealed new facts outside the appellate record. (*People v. Malabag* (1997) 51 Cal.App.4th 1419, 1422 ["the judgment of the trial court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent and error must be affirmatively shown"].)

Defendant emphasizes several facts: he "had an *explanation*" for his conduct, he "*accepted responsibility*" for his faulty work and its consequences, he received "many supportive letters from friends and family," he was employable and employed, his family situation was stable, his criminal history was remote, and other customers had no complaints about their wood stoves. (Original italics.) These facts may suggest that defendant is a good candidate for probation. But the two prior felony limitation would be meaningless if every defendant who is a good candidate for probation were thereby excepted from the limitation. Rule 4.413 cannot be read so expansively. (*Dorsey, supra*, 50 Cal.App.4th at p. 1226.)

12

Rule 4.413(b) provides that, if the statutory limitation on probation is overcome, the court should then apply the criteria in rule 4.414 to decide whether to grant probation. The probation report did not assist the court with that task. Although it stated that a "grant of probation will be recommended in this case," the report does not identify or discuss any of the rule 4.414 criteria and proceeds directly to a discussion of aggravating and mitigating circumstances (rules 4.421 & 4.423).[6]

Because the report had failed to show that the statutory limitation was overcome, the omission of rule 4.414 criteria and the focus on rules 4.421 and 4.423 are understandable and the recommendation for probation seems inexplicable.

But then an explanation appears. In its "Opinions and Conclusions," the report candidly terms the recommended probation "a gift" and concedes that such gift is prohibited by statute. The report makes no attempt to conform its gift to the relevant provisions of law. The trial court had no discretion to follow the report on this point. Thus, its decision to comply with the law and decline follow the report on this point cannot be error.

### 7. *Emotion, Prejudice, and Personal Animus*

Defendant contends the trial court's comment that he installed stoves until "this family is woken up in the middle of the night because their house is on fire," which the court termed "frightening" and "very scary," and the court's remark that defendant would not "like to wake up in the middle of the night with his house on fire because he let somebody in his place to install something when that person knew they shouldn't have

---

[6]     Defendant appears to dispute whether the rule 4.421 aggravating circumstances were true. We need not consider the claim at length because there is no indication that the trial court would have found this case unusual but for any of the aggravating circumstances.

done that," "lead the reader to suspect that the court was swayed by emotion and prejudice" and by "personal animus against" defendant.

We disagree. The trial court's factual scenario hewed to the evidence shown in the record and its remark that defendant would not like to find himself in that scenario was a fair comment on that evidence. The court's remark did not reflect personal animus, emotion, or prejudice. There was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.


    NICHOLSON    , Acting P. J.


We concur:


    MURRAY    , J.


    HOCH    , J.